IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAL SINGH GREWAL,

    Petitioner,                    No. CIV S-07-1656 GEB EFB P

    vs.

MICHAEL B. MUKASEY, et al.,

    Respondents.
_____/

PAL SINGH GREWAL,

    Petitioner,                    No. CIV S-07-1673 GEB EFB P

    vs.

MICHAEL B. MUKASEY[1], et al.,    FINDINGS AND RECOMMENDATIONS

    Respondents.
_____/

    On August 13, 2007, petitioner commenced *Grewal v. Mukasey*, Case No. Civ. S-07-1656 GEB EFB P, by submitting the $5 filing fee with an application for a writ of habeas corpus.

---

[1] John Ashcroft, originally named as the respondent, no longer is the Attorney General of the United States. Thus, Michael B. Mukasey, the current Attorney General, is substituted as respondent. *See* Rule 2(a), Rules Governing § 2254 Proceedings; Fed. R. Civ. P. 25(d).

1

*See* 28 U.S.C. § 2241.  On August 15, 2007, petitioner filed a second petition for a writ of habeas corpus, thereby commencing a new action before a different district judge and magistrate judge. For the reasons explained, both *Grewal v. Mukasey*, Case No. Civ. S-07-1656 GEB EFB, and *Grewal v. Gonzales*, Case No. Civ. S-07-1673 GEB EFB P, must be dismissed as moot.

**I.     Facts**

On August 13, 2007, petitioner was in the custody of the Attorney General and the Department of Homeland Security, Bureau of Citizenship and Immigrant Services pending execution of an order directing that he be removed from this country.  In the August 13, 2007, petition, petitioner asserted that his detention pending removal was illegal and he sought release under conditions of supervision.  On August 15, 2007, petitioner filed a second, duplicative application against the same respondents, alleging the same grounds for relief and again requesting release.  *Grewal v. Gonzales*, Case No. Civ. S-07-1673 WBS KJM P.  Counsel was appointed to represent petitioner in that new case, i.e., Case No. Civ. S-07-1673 WBS KJM P. The two cases have since been ordered related and case No. Civ. S-07-1673 WBS KJM P was reassigned to the same judges as the earlier filed action and redesignated as *Grewal v. Gonzales*, Case No. Civ. S-07-1673 GEB EFB P.

On January 22, 2008, respondents filed a motion to dismiss in Case No. Civ. S-07-1673 GEB EFB P.  That motion asserts that the matter is now moot because petitioner no longer is in custody.  Respondent submits a computer printout showing that petitioner was deported on December 14, 2007.[2]  Appointed counsel for petitioner in *Grewal v. Gonzales*, Case No. Civ. S-07-1673 GEB EFB P does not oppose respondents' motion.

////

////

---

[2] For purposes of *Grewal v. Mukasey*, Case No. Civ. 07-1656 GEB EFB P, the court takes judicial notice of the evidence showing that petitioner was deported.  *See* Fed. R. Ev. 201; *United States v. Wilson*, 631 F.2d 118, 119-20 (9th Cir. 1980) (court may take judicial notice of its own records in other cases).

## II. Standards

The United States Constitution authorizes the federal courts to resolve "cases and controversies." U.S. Const. Art. III, § 2, cl. 1. This means that a federal court may entertain cases that present live issues calling for the adjudication of "a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). To maintain an action, "a litigant must continue to have a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings." *Abdala v. I.N.S.*, 488 F.3d 1061, 1063 (2007); *Preiser*, 422 U.S. at 401 (an actual controversy must exist through all stages of the proceeding, as opposed to merely when the action is commenced). A case becomes moot when there no longer is any case or controversy for which the federal court could fashion some relief. *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (a case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome). In order to continue with such an action, the complaining party must demonstrate that the condition of which he complains is "capable of repetition, yet evading review," *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995), meaning the condition is of a duration too short to be fully litigated prior to its cessation and there is a reasonable expectation that he will be subjected to the same action again. *Wiggins v. Rushen*, 760 F.2d 1009, 1011 (9th Cir. 1985).

## III. Analysis

In each of his applications for habeas relief, petitioner alleged that respondents were violating federal law by detaining him until they could execute an order of removal.[3] He sought the relief typically available in habeas proceedings, i.e., release from custody. *See Preiser v. Rodriguez*, 411, U.S. 475, 484 (1973). Respondents have submitted evidence that before this

---

[3] The court notes that neither petition challenged any conviction or any basis for finding that petitioner was subject to removal. Thus, the concerns discussed in *Abdala v. I.N.S.*, 488 F.3d 1061, 1063-1065 (9th Cir. 2007), i.e., that the petitioner may wrongfully have been removed and still have a remedy in the United States courts, are not implicated in these cases.

3

1  court could resolve the petitions, the order of removal was executed and petitioner was deported.
2  Thus, petitioner no longer is in respondents' custody.  Rather, the record shows that the United
3  States Government deported him on December 14, 2007.  Petitioner's counsel does not contest
4  this evidence.  In fact, she has no objection to the granting of this motion.  Accordingly, the court
5  finds that petitioner is not in respondents' custody.  Therefore, there is no live issue regarding
6  the legality of petitioner's custody and the court cannot order his release, the only effective relief
7  that ever was available to petitioner.  Accordingly, the court finds that *Grewal v. Mukasey*, Case
8  No. Civ. S-07-1656 GEB EFB P and *Grewal v. Gonzales*, Case No. Civ. S-07-1673 GEB EFB P
9  are moot and must be dismissed.

10     For these reasons, it hereby is RECOMMENDED that:

11     1.  The action designated *Grewal v. Mukasey*, Case No. Civ. S-07-1656 GEB EFB P be
12  dismissed as moot;

13     2.  The January 22, 2008, motion to dismiss in *Grewal v. Gonzales*, Case No. Civ. S-07-
14  1673 GEB EFB P be granted; and

15     3.  That judgment be entered in both cases and the Clerk be directed to close the case.

16     These findings and recommendations are submitted to the United States District Judge
17  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days
18  after being served with these findings and recommendations, any party may file written
19  objections with the court and serve a copy on all parties.  Such a document should be captioned
20  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
21  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
22  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

23  Dated:  April 11, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE